UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 1 0 2023
TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

| | |
|---|---|
| GRACIELA FERNANDEZ FLORES, | |
| Plaintiff, | |
| v. | Case No. 2:23-cv-175-DPM |
| SAN ANGEL 2 OF ARKANSAS, INC. and FRANCISO JAVIER ROMO, | This case assigned to District Judge Marshall and to Magistrate Judge Harris |
| Defendants. | |

## COMPLAINT UNDER THE FLSA, MWA OF ARKANSAS, AND THE TVPA

Plaintiff Graciela Fernandez Flores files this Complaint against Defendants San Angel 2 of Arkansas, Inc. and Francisco Javier Romo (collectively, "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") to recover unpaid minimum wage and overtime compensation and under the Victims of Trafficking and Violence Protection Act ("TVPA").

### I. INTRODUCTION

1. Labor trafficking, or forced labor, as defined by the U.S. Department of Justice, is the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery.[1] According to the International Labour Organization, as of 2021, 27.6 million people were in forced labor, with women and girls accounting for 6 million of those in forced labor not including forced commercial sexual

---

[1] U.S. Department of Justice, Section on Human Trafficking, *Human Trafficking Defined*, https://www.justice.gov/humantrafficking (last visited July 26. 2023).

exploitation.[2] Furthermore, traffickers often target people with emotional vunerability, economic hardship, and a lack of a social safety net.[3]

2. Defendants, seizing upon Plaintiff's fears and vulnerability in the context of Mexico's increasing rates of violence against women, with just over 70% of 50.5 million women and girls over the age of 15 experiencing some form of violence, subjected Plaintiff to labor trafficking in the United States by placing her in significant economic debt, withholding her passport and visa, and making subtle threats of possible harm to her family.[4]

3. At the same time, Defendants violated Plaintiff's basic rights under the Fair Labor Standards Act to earn a minimum wage and overtime for hours worked in excess of 40 in a workweek.

## II. JURISDICTION

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, 29 U.S.C. § 216(b) (FLSA), and 18 U.S.C. § 1595(a) (TVPA).

5. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367.

---

[2] International Labour Organization, *Forced Labour, Modern Slavery, and Human Trafficking*, https://www.ilo.org/global/topics/forced-labour/lang--en/index.htm (last visited July 26. 2023).

[3] Department of Homeland Security, Section on Blue Campaign, *What is Human Trafficking*, https://www.dhs.gov/blue-campaign/what-human-trafficking?utm_source=google.com&utm_medium=cpc&utm_campaign=rg.search-fy23.wdatip&utm_content=general&utm_term=ad1(last visited July 26. 2023).

[4] Sarah Morland and Aida Pelaez-Fernandez, *Violence Against Women in Mexico*, Reuters, (Aug. 31, 2022, 6:04 AM), https://www.reuters.com/world/americas/violence-against-women-mexico-rises-over-70-study-finds-2022-08-31/.

### III. FACTS

### A. Parties

### 1. Plaintiff

6.  Plaintiff Graciela Fernandez Flores ("Fernandez") is an adult resident of Crittenden County, Arkansas and a citizen of Mexico. During the applicable statutory period, Plaintiff Fernandez worked as a runner or "*chipera*" for Defendants.

### 2. Defendants

7.  Defendant San Angel 2 of Arkansas, Inc. ("Mi Pueblo") is a corporation formed and organized under Arkansas state law and currently conducting business as Mi Pueblo of West Memphis at 650 S. Service Rd., Suite 121, West Memphis, Arkansas 72301. Specifically, Mi Pueblo conducts business as a Mexican restaurant and bar.

8.  At all relevant times herein, Defendant Mi Pueblo was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d) and the AMWA, Ark. Code Ann. § 11-4-203(4).

9.  Defendant Mi Pueblo is, at all times hereinafter mentioned, engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, an enterprise within the meaning of 29 U.S.C. § 203(r). Specifically, Mi Pueblo is under common control by the same groups of owners, all conducted business under the same name and with the same function, shared employees and goods, and followed the same policies and procedures.

10. Defendant Mi Pueblo and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees

engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.  Specifically, Defendant Mi Pueblo is a Mexican restaurant that serves food and beverages to customers and has annual sales of not less than $500,000.

11.     Defendant Francisco Javier Romo is the manager and owner of Defendant Mi Pueblo and at all times herein, Defendant Romo has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d) and Ark. Code Ann. § 11-4-203(4) because he has acted directly in the interest of Defendant Mi Pueblo in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime and minimum wage rates.  Defendant Romo is a resident of Heth, Arkansas.

### 3. Factual Allegations

12.     In the spring of 2023, Plaintiff Graciela Fernandez was living in Mexico and believed her life to be in danger due to threats from a former partner.  In Mexico, violence against women is frighteningly common with an average of 10 women or girls killed daily nationwide.  Law enforcement has largely been ineffective at protecting the lives of women and girls.

13.     Due to this fear and to escape the violence, Plaintiff Fernandez began looking for a way to work in the United States.

14.     Through family and friends, Plaintiff Fernandez connected with Defendant Javier Romo.  Defendant Romo stated that for the price of $7,500 he would assist Ms. Fernandez in

4

obtaining a work visa so that she could work legally in the United States.

15. Defendant Romo assisted Plaintiff Fernandez with obtaining an H-2A farmworker visa with Turner Agriculture Management LLC and Shannon D. Turner, who were purportedly hiring guest workers to assist with cultivating, harvesting, and preparing tobacco in Kentucky.

16. Plaintiff Fernandez incurred hundreds of dollars in expenses paying for the visa process and transportation to Kentucky where she arrived on or about May 19, 2023.

17. The following day, on or about May 20, 2023, Defendant Romo arrived in Kentucky and informed Plaintiff Fernandez that she would be coming with him to work at his restaurant and not staying in Kentucky. When Plaintiff Fernandez questioned whether such an arrangement was legal, as she wished to work properly and consistently with the law of the United States, Defendant Romo grew angry, reminded her that she owed him $7500, and took her passport and visa from her.

18. Defendant Romo then transported Plaintiff Fernandez to his house near Heth, Arkansas, stating that she would live there while working at the restaurant.

19. Plaintiff Fernandez lived with Defendant Romo for approximately one (1) month. During that time, Defendant Romo repeatedly made sexual advances on and comments toward Plaintiff Fernandez who responded by rebuffing and deflecting the advances.

20. Finally, after one month, Plaintiff Fernandez was able to find housing with family members nearby. When Plaintiff informed Defendant Romo of her decision, he responded that it was her decision but to not forget the money she owed him.

21. The AMWA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than $11.00 per hour. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less

than $7.25 per hour.

22.     The FLSA and the AMWA require covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.  During the applicable statutory period, Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.  During these same weeks, Defendant allowed Plaintiff to work without compensating her at the applicable minimum wage rate.

23.     During the applicable statutory period, Plaintiff Fernandez worked as a runner or "*chipera*" – a person who runs chips and salsa to the tables.

24.     Plaintiff Fernandez worked at Defendants' West Memphis location as a *chipera* from approximately May 23, 2023 until July 15, 2023. During that time, Plaintiff Fernandez routinely worked from 9:00 a.m. to 11:00 p.m. without a two hour break, six (6) days per week. For this work, she would receive a check for $65 or $75 per week for "tips" and no other compensation.  She did not receive either the minimum wage or overtime compensation for time worked in excess of forty (40) hours in a work week.

25.     As a result of the actions and conduct described above, Defendants have violated the FLSA's and the AMWA's minimum wage and overtime requirements for Plaintiff.

26.     Throughout her employment, Plaintiff felt compelled to continue to work in these conditions because of the debt that she owed Defendant Romo and threats to her safety and that of her parents that he made during her time at work.

27.     Defendant Romo also made threats of reporting Plaintiff to Immigration Customs Enforcement (ICE) and having her deported.

28. On or about July 15, 2023, Plaintiff complained to Defendant Romo that she was not being compensated properly given the amount of time that she worked.

29. Defendant Romo responded by firing Plaintiff and instructing her to pay the $7500 that she owed within one week.

30. Defendant Romo subsequently threatened to visit Plaintiff's parents in Mexico if this payment was not made, which was a threat to the physical safety of Plaintiff's family.

## COUNT I: VIOLATIONS OF THE FLSA MINIMUM WAGE AND OVERTIME PROVISIONS

31. Plaintiff incorporates and realleges each and every factual allegation contained in the preceding paragraphs as if fully set forth herein.

32. As a result of their actions and the conduct described in the foregoing paragraphs, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 206(a)(1) and § 207(a)(1), with respect to Plaintiff.

33. Defendants have failed to compensate Plaintiff at the applicable federal minimum wage and have failed to compensate Plaintiff at the applicable overtime rate at one and one-half times her hourly rate for each hour worked in excess of forty (40) hours in a workweek.

34. The exact amounts of minimum wage and overtime compensation owed to Ms. Fernandez is not presently known but will be determined through discovery. At this juncture, Plaintiff Fernandez estimates that she was deprived of minimum wage and overtime compensation during the applicable statutory period of approximately $9,000.00.

35. Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§

201 *et seq.*

36.     The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of federal law.

### COUNT 2: VIOLATIONS OF THE AMWA'S MINIMUM WAGE AND OVERTIME PROVISIONS

37.     Plaintiff incorporates and realleges each and every factual allegation contained in the preceding paragraphs as if fully set forth herein.

38.     As a result of their actions and the conduct described in the foregoing paragraphs, Defendants have violated the provisions of the AMWA with respect to Plaintiff.

39.     Defendants have failed to compensate Plaintiff at the applicable state minimum wage of $11 per hour.

40.     The exact amount of minimum wage violations owed to Plaintiff Fernandez is not presently known but will be determined through discovery. At this juncture, Plaintiff Fernandez estimates that she was deprived of minimum wage during the applicable statutory period of more than $9,000.00.

41.     Defendants have failed to compensate Plaintiff at the applicable overtime rate at one and one-half times her hourly rate for each hour worked in excess of forty (40) hours in a workweek. Ark. Code Ann. § 11-4-211(a).

42.     Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the AMWA. Ark. Code Ann. § 11-4-217.

43. The foregoing conduct on the part of Defendants constitutes a willful violation of the AMWA as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of federal law.

### COUNT 3: RETALIATION UNDER THE FLSA

44. Plaintiff incorporates and realleges each and every factual allegation contained in the preceding paragraphs as if fully set forth herein.

45. On or about July 15, 2023, Plaintiff Fernandez complained about the manner in which she was compensated and asked to be paid consistent with the other workers in the restaurant. Defendant Romo grew angry and fired Plaintiff Fernandez for her complaints of minimum wage and overtime violations.

46. Defendant Romo also told Plaintiff Fernandez that she had to repay the $7,500 she owed him for procuring her visa to the United States in one week. Defendant Romo then threatened to harm Plaintiff Fernandez's parents when he traveled to Mexico if she did not pay him the $7500.

47. Defendants' actions in terminating Plaintiff Fernandez and threatening her safety and that of her parents constitute unlawful retaliation in violation of the FLSA.

### COUNT 4: TVPA, 18 U.S.C. § 1589 – Force Labor

48. Plaintiff incorporates and realleges each and every factual allegation contained in the preceding paragraphs as if fully set forth herein.

49. Defendants attempted to and did subject Plaintiff to forced labor in violation of 18 U.S.C. § 1589.

50. Defendants knowingly attempted to and did physically restrain and or threaten Plaintiff and her family with serious harm in order to obtain the labor and services of Plaintiff in

violation of 18 U.S.C. § 1589(a)(1)-(2).

51. Defendants knowingly attempted to and did obtain the labor and services of Plaintiff using a scheme plan or pattern which in the totality of circumstances was intended to coerce and did coerce Plaintiff to believe that she would suffer serious harm if she were to leave the employee of defendants in violation of 18 U.S.C. § 1589(a)(4).

52. Defendants scheme to isolate Plaintiff to force him or force her to live in conditions causing psychological harm and to limit her outside contacts was designed to coerce Plaintiff into believing that she would suffer serious harm if she were to leave the employment of Defendants.

53. Defendants threatened Plaintiff with deportation and deceived Plaintiff about the terms of her visa in a manner that constitutes an abuse of legal process under 18 U.S.C. § 1589(a)(3).

54. Plaintiff suffered injury as a proximate result of these actions.

55. Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief deemed appropriate including attorney fees.

### COUNT 5: TVPA, 18 U.S.C. § 1590
**Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor**

56. Plaintiff incorporates and realleges each and every factual allegation contained in the preceding paragraphs as if fully set forth herein.

57. Defendants knowingly recruited, transported, and harbored Plaintiff in violation of laws prohibiting peonage, slavery, involuntary servitude, and forced labor within the meaning of the provisions of the TVPA, 18 U.S.C. § 1590.

58. Specifically, in violation of 18 U.S.C. § 1590, and in addition to the violations of 18 U.S.C. § 1589 set forth in the Count 4, Defendant knowingly recruited, transported and/or

harbored Plaintiff for labor or services in furtherance of Defendants' violations of the following provisions of Title 18, Chapter 77 of the U.S. Code:

   a. Enticing, persuading, or inducing Plaintiff to go on board a vessel or to any other place with the intent that Plaintiff may be made or held in involuntary servitude and/or slavery, violating 18 U.S.C. § 1583;

   b. Knowingly and willfully holding Plaintiff to involuntary servitude, as defined by the TVPA, 22 U.S.C. § 7102(5)(a) and (b), violating 18 U.S.C. § 1584;

   c. Removing, confiscating, or possessing Plaintiff's passport and other immigration documents in the course or, or with the intent to violate 18 U.S.C. §§ 1583, 1584, 1589, and 1590, violating 18 U.S.C. § 1592(a); and

   d. Attempting to violate 18 U.S.C. §§ 1583, 1584, 1589, and 1590, violating 18 U.S.C. § 1594(a)

59. Plaintiff is authorized to bring these civil claims pursuant to civil remedies provision of the TVPA, 18 U.S.C. § 1595.

60. As a proximate result of the conduct of Defendants, Plaintiff has suffered damages.

61. Plaintiff is entitled to recover compensatory and punitive damages in an amount to be proven at trial, including attorneys' fees.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

   1. Judgment against Defendants for an amount equal to unpaid back wages at the applicable minimum wage and overtime rates;

2. Judgment against Defendants that their violations of the FLSA and AMWA were willful;

3. An equal amount to the minimum wage and overtime damages as liquidated damages;

4. Compensatory damages in an amount to be determined by a jury at trial;

5. Punitive damages in an amount to be determined by a jury at trial;

6. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

7. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d) and Ark. Code Ann. § 11-4-203(4);

8. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

9. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ William B. Ryan*

William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
    (admitted to E.D. Ark 12/10/09)
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

**ATTORNEYS FOR PLAINTIFF**