IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**GRACIELA FERNANDEZ FLORES,**

    **Plaintiff,**

v.                                                                                                      Civil Action No.  2:23-cv-175-DPM

**SAN ANGEL 2 OF ARKANSAS, INC.
and FRANCISCO JAVIER ROMO,**

    **Defendants.**

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF THE CASE WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

      The Parties, through undersigned counsel, jointly move this Court to approve the settlement reached by the Parties of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and parallel state law unpaid wage claims in this case and to dismiss the entire above-captioned matter with prejudice.  In support of this Motion, the Parties state as follows:

### FACTUAL BACKGROUND

1. On August 10, 2023, Graciela Fernandez Flores ("Plaintiff") commenced the above-styled lawsuit. Plaintiff alleges that Defendants willfully failed to comply with the overtime and minimum wage requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Arkansas Wage Payment Law.  Plaintiff also alleges that Defendants violated the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589, by attempting to and subjecting Plaintiff to forced labor.

2. Plaintiff's allegations include a failure to pay the applicable FLSA and Arkansas minimum wage and failure to pay overtime for all hours worked in excess of 40 in a workweek.

3. Defendants deny all allegations and assert that Plaintiff was paid all wages (minimum wage and overtime) to which she was owed.

4. The Parties have exchanged documents and information informally for purposes of attempting to resolve this matter, including, but not limited to pay, time and work scheduling records as well as text.  The Parties have engaged in extensive discussions and exchanges in order to fully understand the arguments of each side and to work toward a resolution.

5. The Parties then underwent early mediation with Allen Blair on January 8, 2024 and through that process were able to reach a resolution of all claims brought in the Complaint.

6. The Parties resolved all claims brought in the Complaint and any claims for costs and attorney fees in exchange for $62,000.00.  As part of that settlement amount, the Parties specifically allocated and Plaintiff will receive $6,986 for her FLSA/AMWA claims and an equal amount in liquidated damages.  The amount of $6,986 represents the entire amount that Plaintiff believes she is owed in minimum wage and overtime from Defendants.

7. Specifically, Plaintiff performed work for Defendants for a little over 7 weeks.  The following represents what Plaintiff alleges she should have been paid for each week, what she received, and what she is owed:

| Work Week | Time Worked in Week | Amt Should have earned AMWA/OT[1] | Amount Actually Paid | Amount Due |
|---|---|---|---|---|
| 5/23-5/27 | 5 days x 12 hrs/day = 60 hrs | $770 | $70 | $700 |
| 5/28-6/3 | 6 days x 12 hrs/day = 72 hrs | $968 | $70 | $898 |
| 6/4-6/10 | 6 days x 12 hrs/day = 72 hrs | $968 | $70 | $898 |
| 6/11-6/17 | 6 days x 12 hrs/day = 72 hrs | $968 | $70 | $898 |
| 6/18-6/24 | 6 days x 12 hrs/day = 72 hrs | $968 | $70 | $898 |
| 6/25-7/1 | 6 days x 12 hrs/day = 72 hrs | $968 | $75 | $893 |
| 7/2-7/8 | 6 days x 12 hrs/day = 72 hrs | $968 | $65 | $903 |
| 7/9-7/15 | 6 days x 12 hrs/day = 72 hrs | $968 | $70 | $898 |
|  |  |  | **TOTAL OWED** | **$6,986.00** |

---

[1] Amount should have earned = (AMW of $11/hr x no. of hrs worked up to 40) + (Overtime hours = $11 x 1.5 x no. of hrs worked in excess of 40)

8. Defendants dispute Plaintiffs allegations in paragraph 7, but accept the backpay and overtime illustration set forth herein for purposes of settlement.

9. The rest of the settlement amounts constitute payment for resolution of Plaintiff's TVPRA claims as well as any attorney fees and costs sought as part of the lawsuit. The Settlement Agreement is submitted as **Exhibit 1**.

10. Plaintiff's counsel represented Plaintiff on a contingency fees basis of 33 and 1/3% of the settlement proceeds for all claims brought. Here, that amounts to $20,666.67. Counsel also incurred $2,784.40 in mediation costs and filing fee related to this case.

11. The Parties seek approval of this settlement and dismissal of this case with prejudice.

## MEMORANDUM OF LAW

### A. Nature of the Dispute

Plaintiff worked as a non-exempt hourly employee for Defendant San Angel 2 of Arkansas, Inc. and San Angel 1 of Akansas, Inc.[2] from May 23, 2023 and July 15, 2023. Plaintiff alleges that Defendants and San Angel 1 of Akansas, Inc. failed to pay her overtime wages for hours worked over forty (40) in a work week. Plaintiff further alleges that at times during her employment, Defendants failed to pay her the applicable Arkansas minimum wage rate.

Defendants deny Plaintiff's allegations and contend that no amounts are due and owing to Plaintiff.

Plaintiff also alleges that she was subject to forced labor in violation of the TVPRA by Defendants and San Angel 1 of Akansas, Inc., a claim that Defendants also dispute.

---

[2] San Angel 1 of Arkansas, Inc. was not named in the initial Complaint but participated in the mediation as the failure to include this entity was an oversight by Plaintiff. San Angel 1 of Arkansas, Inc. is one of the "released parties" per the Settlement Agreement and is jointly and severally responsible for payment of the settlement funds along with the named Defendants.

The Parties acknowledge that they have a dispute that is unlikely to be resolved without a trial of the case and that a trial is risky to both sides as well as expensive to conduct.

**B.  Summary of the Settlement**

After considering the above dispute, the Parties agreed to a settlement of all Plaintiff's claims.  Under the settlement, Plaintiff will receive 100% of all wages claimed including the applicable minimum wage for alleged time spent over and above forty (40) hours in a week as well as liquidated damages in the same amount.  Plaintiff will also receive additional compensation to resolve her TVPRA claims.  Additionally, the Settlement Agreement provides that Defendants will pay a total of $20,666.67 to Plaintiff's counsel as attorneys' fees, an amount which was negotiated and agreed upon separately from the amount Plaintiff is receiving.  This amount of attorney's fees covers counsel's representation of Plaintiff for all claims.  The Parties agree that this is a reasonable resolution of Plaintiff's claims.

**C.  The Court Should Approve the Parties' Agreed Upon Resolution of this Case.**

In this case, the Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents the Parties on both sides, and the agreed settlement reflects a fair and reasonable compromise over disputed issues.

An FLSA claim, except in two circumstances, cannot be waived or resolved through agreement of the parties.  *Martin v. Indiana Michigan Power Co.*, 292 F.Supp.2d 947, 959-60 (W.D. Mich. 2002).  The only two ways that an FLSA claim can be resolved through agreement of the parties are (1) that the Secretary of Labor can supervise the payment of back wages or (2) that the employer and employee present the proposed settlement to the district court for approval.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Stalnaker v.*

*Novar Corp.*, 293 F.Supp.2d 1260, 1262-63 (M.D. Ala. 2003). Here, the Parties request the Court approve the Parties' agreed-upon resolution of all claims in this case.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1353, 1355. In *Lynn's Food Stores,* the court established the following factors for a district court to examine to determine whether to approve an agreed-upon resolution of an FLSA claim.

1. Was it achieved in an adversarial context?

2. Was the Plaintiff represented by attorneys who can protect their rights?

3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353-54.

Here, the Parties agree that there is a bona fide dispute as to whether Plaintiff was properly paid for all hours worked over forty (40) hours a week, and whether she was paid the appropriate minimum wage. As such, the resolution was indisputably reached in an adversarial context.

The Parties submit to the Court that the terms of the resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to whether damages were available to Plaintiff under the FLSA and also the amount of damages, if any, that were available to the Plaintiff under the FLSA. *See* the Settlement Agreement attached as **Exhibit 1**. The complexity, expense, and length of future litigation also support approval of this settlement. The Parties continue to disagree over the merits of the claims Plaintiff asserted. For purposes of settlement, the Parties have accepted Plaintiff's FLSA allegations and specifically awarded full recovery of all claimed AMWA/FLSA damages as detailed in paragraphs 6 and 7 of the Factual Background above.

If the Parties continued to litigate this matter, they would be forced to engage in additional discovery, possible motion practice, and ultimately a costly trial to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. For Plaintiff, this resolution is personally desirable because it allows her to avoid the emotional and actual costs of litigation and because it guarantees her the receipt of compensation, which might not be available if litigation were to continue as the necessity of Defendants paying over the course of a year illustrates. With the Court's approval, the Parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorneys' fees and costs, as well as Plaintiff's claims under the TVPRA.

While the Court is charged with ensuring that the attorney's fees recovered by Plaintiff are fair and reasonable under the FLSA, the attorney's fees recovered here are not limited to those obtained solely for representation in the FLSA claims. Additionally, as the claims were brought collectively, it is not possible to isolate the fees that correspond to particular claims. That said, contingency fees of one-third are routinely approved in the FLSA context, *see, e.g., Gracia v. San Angel 2 of Arkansas et al.*, Case No. 2:20-22-BSM (E.D. Ark. Oct. 19, 2020) (ECF 21), and given that Plaintiff is receiving 100% of her claimed FLSA damages, there can be no concern that the fees prejudice Plaintiff in any manner. The one-third contingency fee includes any amount that Plaintiff could have alleged an entitlement to as a prevailing party under any of the applicable statutes and that there is no further claim being made for statutory attorney fees under the terms of the settlement agreement. As a result, the Parties ask that this settlement be approved.

## **CONCLUSION**

For the foregoing reasons, the Parties request that the Court enter an Order approving the Parties' agreed-upon resolution of the claims brought in this action and dismiss this action with prejudice based on the Parties' agreement.

Respectfully submitted,

/s/BRYCE W. ASHBY
BRYCE W. ASHBY, TN BPR 26179
(Admitted to the E.D. of AR 12/10/09)
DONATI LAW, PLLC
1545 Union Avenue
Memphis, Tennessee 38104
Telephone:  901-278-1004
Facsimile:   901-278-3111
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFF


/s/JAMES M. SIMPSON
JAMES M. SIMPSON, BPR 15023
SIMPSON & LILLIE, PLLC
265 N. Lamar Boulevard, Suite D
Oxford, Mississippi 38655
Telephone: (662) 638-3235
Cell: (901) 484-6446
Email: jim@simpsonlillie.com

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I, Bryce Ashby, hereby certify that one true and correct copy of the foregoing document was served via Court's Electronic Filing (ECF) service on this the 25th day of January, 2024 on counsel for all parties.

                                              /s/BRYCE ASHBY
                                              BRYCE ASHBY